FILED
SUPERIOR COURT
OF GUAM

2022 JAN 11 PM 4:09

CLERK OF COURT

BY:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| BANK OF GUAM, | CIVIL CASE NO. CV0361-21 |
| Plaintiff, | |
| vs. | DECISION AND ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT |
| BENJAMIN K. PUANA, | |
| Defendant. | |

This matter is before the Honorable Dana A. Gutierrez based on Plaintiff Bank of Guam's ("Plaintiff") Motion for Summary Judgment against Defendant Benjamin K. Puana ("Defendant") filed on August 3, 2021. Plaintiff is represented by Attorney Terrence M. Brooks and Defendant is represented by Attorney Vanessa L. Williams. Pursuant to Rule 7.1 of the Local Rules of the Superior Court of Guam, the Court determined that oral argument was unnecessary and took the matter under advisement based on the pleadings. After reviewing the record and relevant law, the Court finds that Defendant failed to provide specific facts indicating a genuine issue for trial. Plaintiff's Motion for Summary Judgment is therefore **GRANTED**.

### UNDISPUTED FACTS

Plaintiff holds a Note executed by Defendant. Decl. of Christopher J. Adawag, at ¶ 3

(Aug. 3, 2021) (hereinafter "Adawag Decl."); Deft.'s Answer, at ¶ 2 (June 30, 2021) (admitting that Plaintiff holds the Note that Defendant executed). Plaintiff alleges that Defendant failed to make payments on the account for the principal balance, $18,677.64; accrued interest, $1,335.33; plus prejudgment interest at a rate of 8.5% from September 18, 2020 until the date of judgment; plus postjudgment interest on the judgment amount at the prevailing judgment interest rate of 6% per annum; and reasonable attorneys' fees in an amount not to exceed 15% of the total sum due. Mot., at 5 (Aug. 3, 2021); Adawag Decl., at ¶¶ 8-9. Defendant admits that he failed to make the required payments but asserts that he is without sufficient knowledge of the balance due. Deft.'s Answer ¶ 3. However, Defendant offers no alternative calculations as to the amount due and no opposition to the Motion for Summary Judgment. *See id.*

## DISCUSSION

Under Rule 56(c) of the Guam Rules of Civil Procedure ("GRCP"), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Summary judgment is proper only where there is no genuine dispute of material fact. GRCP 56(c).

When a motion for summary judgment is made, an adverse party may not rest solely upon allegations or denials of the adverse party's pleading. GRCP 56(e). The adverse party's response must set forth specific facts showing that there is a genuine issue for trial. *Id.* "If, after adequate time for discovery, the non-moving party 'fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will

bear the burden of proof at trial,'" then summary judgment is required. *Kim v. Hong*, 1997 Guam 11 ¶ 8. When deciding a motion for summary judgment, "the court must draw inferences and view the evidence in a light most favorable to the non-moving party." *Bank of Guam v. Flores*, 2004 Guam 25 ¶ 7.

"Generally, in a contract dispute, a motion for summary judgment may be granted only where the agreement's language is unambiguous and conveys a definite meaning." *Edwards v. Pac. Fin. Corp.*, 2000 Guam 27 ¶ 9 (citing *John Hancock Mutual Life Ins. Co. v. Amerford Int'l Corp.*, 22 F.3d 458, 461 (2d Cir. 1994)). Contract language is unambiguous when it has "a definite and precise meaning, unattended by danger of misconception in the purport of the [contract] itself, and concerning which there is no reasonable basis for a difference of opinion." *John Hancock Mutual Life Ins. Co.*, 22 F.3d at 461. "A contract must be interpreted as to give effect to the mutual intention of the parties . . . at the time of contracting." *Edwards*, 2000 Guam 27 ¶ 9 (citing 18 GCA § 87102).

Here, it is undisputed that Defendant executed the Note and that he failed to make the required payments. Adawag Decl., at ¶ 3-8; Deft.'s Answer, at ¶ 2-3. Because failing to make payments required by the Note constitutes "Payment Default," according to the Note's "Default" provision, Plaintiff is permitted to declare the immediate payment of the entire unpaid principal balance under the Note and all accrued unpaid interest due. Adawag Decl., Attachment.[1] Accordingly, upon acceleration, Defendant was obligated to pay the entire unpaid principal balance and accrued interest.

---

[1] Plaintiff attached a copy of the Note to the Declaration of Christopher J. Adawag. The copy of the Note is hereinafter cited to as "Attachment."

Plaintiff's evidence supports its calculations and these calculations are undisputed. The Note indicated the execution date as August 7, 2019, at which time Plaintiff lent Defendant $20,000.00 at an annual percentage rate of 8.5%. Adawag Decl., Attachment. The payment schedule required Defendant to make 59 payments of $410.72 and one payment of $411.32 to Plaintiff commencing on July 10, 2019. *Id.* Defendant made some payments toward the principal balance, however, the principal balance due is $18,677.64. Adawag Decl., at ¶ 8. Because Defendant provides no evidence of alternative calculations to establish an issue of material fact as to the principal balance owed, the Court finds that at the time Defendant defaulted, the balance due on the Note was $18,677.64.

As to the issue of interest, the Note's "Payment" provision provides that Defendant promised to pay the "principal and all accrued interest not yet paid." Adawag Decl., Attachment. The interest rate indicated in the Note is 8.5%. *Id.* Additionally, the "Lender's Rights" provision in the Note states that "[u]pon default, Lender may declare the entire unpaid principal balance under this Note and all accrued unpaid interest immediately due[.]" *Id.* Defendant provides no evidence refuting the plain language of the Note; therefore, the Court finds no issue of material fact as to Defendant's obligation to pay the interest accrued prior to default.

With regard to the additional interest, the Note's "Interest After Default" provision provides that "because of [Defendant's] default, the total sum due under this Note will continue to accrue interest at the interest rate under this Note." *Id.* The interest rate indicated in the Note is 8.5%. *Id.* The Plaintiff contends that additional interest accrues until Judgment is entered.

Adawag Decl., at ¶ 8. Defendant provides no evidence to refute the additional interest accruing until Judgment. Accordingly, the Court finds no issue of material fact as to whether Defendant is obligated to pay the additional interest that accrues on the total sum due upon his default at a rate of 8.5% from September 18, 2020 until Judgment is entered.

Lastly, regarding reasonable attorney fees due, the Note's "Attorneys' Fees; Expenses" provision clearly indicates that "[Plaintiff] may . . . pay someone . . . to help collect this Note if [Defendant] do[es] not pay. [Defendant] will pay [Plaintiff] that amount. This includes [Plaintiff's] reasonable attorneys' fees and . . . legal expenses . . . not to exceed 15% of the unpaid debt after default[.]" Adawag Decl., Attachment. Defendant does not dispute this potential obligation. Therefore, the Court finds no issue of material fact as to whether Defendant is obligated to pay reasonable attorney fees and expenses incurred by Plaintiff in collecting on the Note, not to exceed 15% of the unpaid debt after default.

## CONCLUSION

Accordingly, the Court hereby **GRANTS** Plaintiff's Motion for Summary Judgement as to Plaintiff's claim for the unpaid balance of $18,677.64; accrued interest in the amount of $1,335.33; additional interest that accrues from September 18, 2020 until Judgment is entered at a rate of 8.5%; and reasonable attorneys' fees and expenses, not to exceed 15% of the unpaid debt after default.[2]

The Court further **ORDERS** that:

1. Plaintiff shall submit a proposed judgment reflecting the amounts deemed

---

[2] Plaintiff also seeks an award for post-judgment costs. Mot., at 5. This request is premature until such costs have been incurred.

undisputed within fourteen (14) days of entry of this Decision and Order; and

2.      Any amount sought to be awarded as attorneys' fees must be supported by affidavit or other admissible evidence.

**SO ORDERED**: _____ JAN 1 1 2022 _____

_____
**HONORABLE DANA A. GUTIERREZ**
**Judge, Superior Court of Guam**

**SERVICE VIA E-MAIL**
I acknowledge that an electronic
copy of the original was e-mailed to:

V. Williams

Date:_____Time:___1/11/22___
**Joseph Bamba, Jr.**
Deputy Clerk, Superior Court of Guam